IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**PROGRESSIVE NORTHERN INSURANCE COMPANY,**

    Plaintiff,

v.                                    Case No. 1:18-cv-01434

**MTA TRANSPORT INC.,**

    Serve:    Registered Agent: Shafqat Mehmood
                      8174 Snowfall Drive
                      Manassas, Virginia  20112

and

**ANEES AHMAD,**

    Serve:    Anees Ahmad
                      2883 Gloucester Court
                      Woodbridge, Virginia  22191

    **Defendants.**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Progressive Northern Insurance Company ("Progressive") by counsel, states as follows as its Complaint for Declaratory Judgment against Defendant MTA Transport, Inc.

### Parties

1.    Progressive is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located in the State of Ohio. As such, Progressive is a citizen of Wisconsin and Ohio.

2.    MTA Transport, Inc. ("MTA") is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in the Commonwealth of Virginia. As such, MTA is a citizen of Virginia.

3. Anees Ahmad is natural person currently residing in the Commonwealth of Virginia.

## Jurisdiction and Venue

4. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff Progressive and Defendants MTA and Mr. Ahmad and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## Facts

### The Accident

7. On February 8, 2018, Arshad Mahmood, an employee of MTA, was operating a 2015 Kenworth T68 truck owned by MTA in Sayer, Oklahoma, when he lost control of the vehicle, causing it to run off the road and strike a power pole (the "Accident").

8. Mr. Mahmood died at the scene of the Accident.

9. Anees Ahmad, also an employee of MTA, was sleeping in the sleeper berth of the truck, and during the Accident, he was thrown through the windshield of the truck, sustaining serious injuries.

10. At the time of the Accident, Mr. Mahmood and Mr. Ahmad were co-driving a load of milk from Winchester, Virginia to Sacramento, California.

11. At all relevant times, Mr. Mahmood was operating the 2015 Kenworth T68 as an agent and/or employee of MTA within the course and scope of his agency and/or employment with MTA.

12. At all relevant times, Mr. Ahmad was acting within this course and scope of his agency and/or employment with MTA.

13. At all relevant times, MTA had more than two employees.

<u>The Policy</u>

14. Progressive issued Commercial Auto Insurance Policy number 06087547-0 effective April 17, 2017 to April 17, 2018 to MTA Transport, Inc. (as the named insured) (the "Policy"). A true and accurate copy of the Policy is attached as Exhibit A.

15. Relevant to this action, the Policy contains the following insuring agreement applicable to Liability Coverage:

> **BUSINESS AUTO COVERAGE FORM**
>
> \* \* \*
>
> **We** will pay all sums an "**insured**" legally must pay as damages because of "**bodily injury**" or "**property damage**" to which this insurance applies, caused by an "**accident**" and resulting from the ownership, maintenance or use of a covered "**auto**".
>
> We have the right and duty to defend any "suit" for such damages, even if the "suit" is groundless, false or fraudulent. However, we have no duty to defend "suits" for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend ends when the Liability Coverage Limit

16. The Policy includes the following Exclusions:

> B. **EXCLUSIONS**
>
> This insurance does not apply to any of the following:
>
> \* \* \*
>
> 3. **Workers' Compensation**
>
>    Any obligation for which the **insured** or the **insured's** insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

3

4. **Employee Indemnification**

   "**Bodily injury**" to":

   a. An "**employee**" of the "**insured**" arising out of and in the course of employment by the "**insured**"; or

   b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

   This exclusion applies:

   (1) Whether the "**insured**" may be liable as an employer or in any other capacity; and

   (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

   But this exclusion does not apply to "**bodily injury**" to "**employees**" not entitled to workers' compensation benefits or to liability assumed by the "**insured**" under an "**insured contract**".

17. The Policy includes an MCS-90 Endorsement, which includes the following limitation on coverage:

   In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.

## Count I – Declaratory Judgment

18. Progressive realleges and reincorporates herein by reference the allegations set forth above in Paragraphs 1 through 17.

19. An actual controversy exists between Progressive and MTA and Mr. Ahmad concerning whether MTA and Mr. Ahmad are entitled to coverage with respect to the Accident under the Policy. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

20. Progressive seeks a declaration pursuant to 28 U.S.C. § 2201 and 2202 that MTA and Mr. Ahmad are not entitled to coverage with respect to the Accident under the Policy.

21. Progressive is entitled to this declaratory judgment because of the Workers Compensation and Employee Indemnification exclusions detailed above.

22. No other provision of the Policy or endorsement attached to the Policy affords or extends coverage to MTA's or Mr. Ahmad's claims arising from the Accident.

WHEREFORE, Progressive respectfully requests that this Court declare that the Policy does not provide coverage to MTA or Mr. Ahmad with respect to the Accident and award such other and further relief as the Court deems just and appropriate.

**PROGRESSIVE NORTHERN INSURANCE COMPANY**

By:   /s/ Eileen R. Geller
     **Counsel**

John B. Mumford, Jr. (VSB No. 38764)
Eileen R. Geller (VSB No. 76764)
HANCOCK, DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
egeller@hancockdaniel.com
Telephone: (804) 967-9604
Fax: (804) 967-9888
*Counsel for Progressive Northern Insurance Company*